IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | |
|---|---|
| **ANTHONY RAY PIERCE,** | : |
| **Plaintiff,** | : |
| VS. | : CIVIL ACTION FILE
NO. 1:04-CV-105 (RLH) |
| **TARGET CORPORATION,** | : |
| **Defendants.** | : |

**O R D E R**

This is a civil action brought pursuant to Title VII of the Civil Rights Act of 1866, as amended by the Civil Rights Act of 1991. Plaintiff, an African American male, alleges in his unverified complaint he was retaliated against by his employer who fired him after he complained to corporate head quarters that his immediate supervisor was guilty of racial discrimination against African American employees. The parties hereto have consented pursuant to 28 U.S.C. § 636(c)(1) and (2) to the undersigned full-time United States Magistrate Judge for this district to conduct any and all proceedings in connection with this case including the ordering of the entry of judgment herein.

The defendant has filed a motion for summary judgment, an extensive statement of material facts, several affidavits, pertinent discovery and a brief in support of his motion. Plaintiff has filed a responsive brief opposing the granting of the motion to which the defendant has replied.

The defendant has filed an extensive statement of material facts (SOF) as to which there is no genuine issue to be tried consisting of some thirty one pages and one hundred and nineteen separate facts. The plaintiff has not filed a list of material facts which he contends need to be

tried. Local Rule 56 of the United States District Court for the Middle District of Georgia is titled Summary Judgments – Statement of Facts Required and states in pertinent part:

> The respondent to a motion for summary judgment shall attach to the response a separate and concise statement of material facts, numbered separately, to which the respondent contends there exists a genuine issue to be tried. Response shall be made to each of movant's numbered material facts. <u>All material facts contained in the moving party's statement which are not specifically controverted by the respondent in respondent's statement shall be deemed to have been admitted, unless otherwise inappropriate.</u> (Emphasis added).

Thus, under the local rules of this court all one hundred and nineteen material facts submitted by the movant are deemed to have been admitted unless the court finds that they are otherwise inappropriate.

*Summary Judgment Standard*

Summary judgment may be granted only if there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. **FED. R. CIV. P. *56(c)*;** <u>Warrior Tombigbee Transportation Co. v. M/V Nan Fung</u>, 695 F.2d 1294, 1296 (11th Cir. 1983). The evidence and all factual inferences made therefrom must be viewed by the court in the light most favorable to the party opposing the motion. However, the opposing party cannot rest on his pleadings to present an issue of fact but must respond to the motion by filing affidavits, depositions, or otherwise in order to persuade the court that there are material facts which must be presented to a jury for resolution. *See* <u>Van T. Junkins & Assoc. v. U.S. Industries</u>, 736 F.2d 656, 658 (11th Cir. 1984).

Specifically, the party seeking summary judgment bears the initial burden of identifying portions of the pleadings, depositions, answers to interrogatories, and admissions which he believes demonstrate an absence of any genuine issue of material fact. <u>Hairston v. The

Gainesville Sun Publishing Co., 9 F.3d 913 (11th Cir. 1993).  In determining whether the moving party has met this burden, the court must review the evidence and all factual inferences drawn therefrom in the light most favorable to the non-moving party.  Welch v. Celotex Corp., 951 F.2d 1235, 1237 (11th Cir. 1992).  Self serving unsupported statements made by the non-moving party however are insufficient to avoid summary judgment. Midwestern Waffles, Inc. v. Waffle House, Inc., 734 F.2d 705, 714 (11th Cir. 1984).

If the movant successfully meets his burden, the burden then shifts to the non-movant to establish by going beyond the pleadings that there are genuine issues of material fact to be resolved by a fact-finder.  Clark v. Coats & Clark, 929 F.2d 604, 608 (11th Cir. 1991). Genuine issues are those as to which the evidence is such that a reasonable jury could find for the non-movant.  Anderson v. Liberty Lobby , 477 U.S. 242 (1986).  The question is whether the record as a whole could lead a rational trier of fact to find for the non-movant.  Brown v. City of Clewiston, 848 F.2d 1534, 1543 (11th Cir. 1988).

*Plaintiff's Theory of Recovery*

Defendant has briefed his motion as if Plaintiff is seeking to recover on two separate theories of employment discrimination, disparate treatment and retaliation.  In his brief in opposition to defendant's motion, plaintiff makes clear the fact that he is bringing only a claim of retaliation and not one of disparate treatment due to plaintiff's race.  In the third numbered paragraph of his brief plaintiff states in pertinent part as follows:

> In its discussion under "Statement of the Case", the defendant
> erroneously states that plaintiff's claim is based on race (black)
> discrimination.  The complaint clearly states the claim is based on
> a violation of the Civil Rights Act of 1866, as amended by the
> Civil Rights Act of 1991, which prohibits employers from
> retaliating against employees who assess charges of racial

3

> discrimination against the employer. This action is based upon
> retaliation against the plaintiff for writing to corporate
> headquarters that Dennis Thibault was guilty of discrimination
> against black employees and requested the company investigate
> the charges.

In view of the above quoted language from the brief of plaintiff, the court will consider only a retaliation claim.

*Discussion*

The record in this case contains no direct evidence of retaliation. (SOF # 10, Pl.'s Dep 174:23 – 176:15). Thus, the plaintiff must, under McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973), first make out a prima facie case of retaliation. If plaintiff successfully makes out his prima facie case the burden of production would then shift to the defendant/employer to articulate some legitimate, nondiscriminatory reasons for its conduct. If the defendant/employer can show a legitimate, nondiscriminatory reason for what it did the plaintiff's prima facie case is rebutted and the plaintiff is then required to show by a preponderance of the evidence that the defendant/employer's legitimate reasons were not actually the reasons motivating its conduct but merely a pretext for retaliation.

"To establish a prima facie case of retaliation, the plaintiff must show (1) that she engaged in statutorily protected expression; (2) that she suffered an adverse employment action; and (3) that there is some causal relation between the two events." Meeks v. Computer Associates International, 15 F.3d 1013, 1021 (11th Cir. 1994).

On or about September 30, 2002, plaintiff submitted an anonymous complaint to the defendant's corporate headquarters in stating that his immediate supervisor, Dennis Thibault, had a double standard for African-American and Caucasian employees. (SOF # 47, Pl.'s Dep.

46:20 – 47:15; 59:18 – 60:14; 249:21 - 25, & Ex. B to Pl.'s Dep.)  Thus, it would appear that the plaintiff did engage in statutorily protected expression.  Plaintiff also contends that in October or November of 2002, he advised his immediate supervisor, Dennis Thibault, that he was the author of the complaint card to corporate headquarters (SOF #51).

On May 29, 2003, plaintiff was advised that he was being terminated for gross misconduct - failure to follow instructions. (SOF # 110, Pl.'s Dep 163:18 – 23, Ex. O to Pl.'s Dep).  It thus appears that plaintiff did suffer an adverse employment action.

Of critical importance to plaintiff's prima facie case of retaliation is whether he can show a genuine issue of material fact as to the requirement of a causal connection between his engaging in statutorily protected expression (the complaint to the home office) and the adverse employment action (his termination).  The courts have routinely held that in the absence of other evidence tending to show causation the protected expression and adverse action must be very closely related in time.  In <u>Higdon v. Jackson</u>, 393 F.3d 1211, 1220-21 (11th Cir. 2004) a temporal proximity of three months was found to be inadequate to establish causation in the absence of any other evidence.  Likewise, in <u>Richmond v. ONEOK, Inc.</u>, 120 F.3d 205, 208-09 (10th Cir 1997) a three month delay was found to inadequate to show causation in the absence of other evidence.  "The cases that accept mere temporal proximity between an employer's knowledge of protected activity and an adverse employment action as sufficient evidence of causality to establish a prima facie case uniformly hold that the temporal proximity  must be 'very close.'" <u>Clark County School Dist. v. Breeden</u>, 532 U.S. 268, 273, 121 S.Ct. 1508, 1511 (2001).  "If there is a substantial delay between the protected expression and the adverse action in the absence of other evidence tending to show causation, the complaint of retaliation fails as

a matter of law." Higdon, 393 F.3d at 1220.

Here there is no question that plaintiff engaged in protected expression when he mailed a written complaint to corporate headquarters on September 30, 2002, alleging that his immediate supervisor, Dennis Thibault, treated African-American employees differently than Caucasian employees. Plaintiff has stated under oath in his deposition that in October or November 2002, he advised Dennis Thibault that was the one that complained to corporate headquarters about him. Given that the court is undertaking a summary judgment analysis this must be resolved in the favor of the plaintiff. The evidence also shows without doubt that plaintiff was terminated from his employment with defendant on May 29, 2003, for insubordination, clearly an adverse employment action. Even concluding that Dennis Thibault became aware of plaintiff's complaints about him in November 2002, more than six months lapsed between knowledge on the part of the employer of plaintiff's protected expression and the adverse employment action. The cases earlier cited clearly require the finding that this six plus month delay between the two events are not close enough in temporal proximity to establish a prima facie case of retaliation absent additional evidence.

Fatal to plaintiff's case is his failure to point out any evidence in the record before the court of retaliation on the part of the defendant as the result of plaintiff having engaged in protected expression. Defendant has shown however that on at least seven different occasions prior to plaintiff's complaint to corporate headquarters he was disciplined or counseled. His immediate supervisor, Dennis Thibault, was involved on three of the seven occasions (SOF, 61, 62, 64, 66, 68, 70, 75). Between the date that plaintiff complained to corporate headquarters it appears that he was disciplined or counseled on ten different occasions (SOF

81, 82, 89, 90, 91, 95, 98, 99, 106, 108).  Not all of these occasions involved Thibault.  On most of these occasions before and after the protected expression plaintiff was counseled on his failure to communicate with his supervisors, something that was critical in order for the Target Distribution Center where plaintiff was employed to function effectively.[1]

In responding to defendant's motion for summary judgment plaintiff has pointed out no evidence that remotely creates a genuine factual issue as to retaliation.  It is perhaps worthy to note that the plaintiff undertook no discovery at all from the defendant.  He has failed to submit any sworn affidavits in opposition to defendant's well supported and briefed motion. Plaintiff has attached to his brief signed statements from four of his former co-workers. However, none of these statements are sworn and therefore not competent evidence. Plaintiff has cited no case law in his brief opposing defendant's motion.  Plaintiff appears to be resting solely on the allegations contained within his unverified complaint.

In his brief plaintiff states as follows:

> Defendant contends that if it wanted to fire plaintiff in retaliation, it would have done so as soon as an occasion arose, instead of waiting six months after the complaining letter surfaced.  Target is a large corporation employing thousands of persons.  To believe it to be naive enough not to be aware of its possible benefit to wait for some period before getting rid of plaintiff would demonstrate naivety [sic] the part of plaintiff.

(Plaintiff'S Brief, p. 4).  For the court to give credence to this argument it would have to totally ignore the authority in this circuit and in the Supreme Court of the United States requiring very

---

[1] "For nine years, Anthony Pierce was employed as a 'receiver' at Target Corporation's Tifton, Georgia Distribution Center. Plaintiff's job was to unload bulk cargo from tractor-trailers for repacking and redistribution to Individual Target Stores.  Because receivers govern the flow of all incoming goods at the Distribution Center, a receiver's daily productivity affects every other employee in the distribution process.  As a consequence, it is important for all receivers to communicate to their supervisors any obstacles to accomplishing daily production goals." (Defendants Brief in Support of its Motion for Summary Judgment, p. 1)

close temporal proximity between the protected expression and the adverse employment action to find retaliation in the absence of other evidence. This the court is not prepared to do. "If there is a substantial delay between the protected expression and the adverse action in the absence of other evidence tending to show causation, the complaint of retaliation fails as a matter of law." Higdon, 393 F.3d at 1220.

The plaintiff having failed to make out a prima facie case of retaliation, the burden of production never shifted to the defendant to show some legitimate non-retaliatory reason for terminating plaintiff's employment. The court notes however that the defendant has in fact shown that it terminated plaintiff's employment for his refusal to communicate and for insubordination. The defendant's motion for summary judgment is **GRANTED.**

**SO ORDERED**, this 14th day of March 2006.

/s/ Richard L. Hodge
RICHARD L. HODGE
UNITED STATES MAGISTRATE JUDGE